[No. 13743.   Department Two.— January 5, 1891.]
JAMES LYNCH, APPELLANT, v. C. W. WELBY ET AL.,
RESPONDENTS.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — Where there is a plain
conflict of evidence upon an issue material to the plaintiff's recovery,
and the questions of law are properly submitted to the jury by correct
instructions, a verdict and judgment in favor of the defendants will not
be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County, and from an order refusing a
new trial.

The facts are stated in the opinion of the court.

*Graves, Turner & Graves,* for Appellant.

*Haggin & Van Ness,* and *J. M. Wilcoxson,* for Respond-
ents.

SHARPSTEIN, J.—This action is for the recovery of
$3,623 damages, alleged to be sustained by reason of an
alleged breach of a contract of the parties by the de-
fendants.   The contract was, in effect, that defendants
would purchase of the plaintiff all the steers belonging
to him on the eleventh day of May, 1888, that were
three years old and upwards, and that were then or that
would be merchantable beef by the first day of July,
1888, the number of which was estimated by the parties
to be about three hundred head.

And the parties further agreed that if there should
arise any question between them as to what steers would
make merchantable beef, the question should be decided
by arbitration, each party to select one arbitrator, and
if the two could not agree, they should select a third to
settle the question.

Pursuant to this agreement, plaintiff gathered his said
band of cattle, and the defendants selected therefrom
ninety head of the largest and most choice steers of said

band, and paid the plaintiff therefor at the rate of forty dollars per head, and requested plaintiff to have another and complete gathering of the cattle on the first day of July, 1888, at which time defendants would take the remainder of the steers, as per agreement, and plaintiff gathered and had ready for delivery the residue of his band, consisting of 176 head of steers, which he insisted then, and still insists, were good, merchantable steers. Defendants refused to accept all of said steers, but offered to select from said band only so many as in their opinion were then merchantable beef,—forty-eight, or possibly fifty, head in all. Thereupon plaintiff insisted upon choosing arbitrators, as stipulated in said agreement, to decide how many of said steers were merchantable beef. Plaintiff chose one William Epperson, and the defendants one A. J. Harris, with the understanding if they could not agree they should select a third person to act with them.

It does not appear that the arbitrators so selected ever decided that any of said steers were merchantable beef, or that they ever differed or failed to agree upon how many were or were not merchantable beef, or that they ever selected a third person to act with them. The only reason appearing in the record for not proceeding with the arbitration is, that the defendant Judge announced that he could not abide by the decision of the arbitrators. He said, according to the testimony of one of the witnesses, that Lynch was not willing to do anything toward settling the matter, and as far as he, Judge, was concerned, he would not have another thing to do with the cattle, and turned and rode out of the field. That was evidently treated by all of the parties as a revocation by defendants of their agreement to arbitrate. About two weeks after the failure to arbitrate, plaintiff sold 176 head of cattle to Lux & Miller for $29.68 per head, and this action is prosecuted to recover the difference between the price which defendants agreed to pay for cattle of

the kind and quality specified in their agreement with plaintiff, and the price paid for the 176 head sold to Lux & Miller.

Whether the cattle which defendants refused to accept were of the kind and quality that they agreed to take is a question upon which there is a plain conflict of evidence, and we cannot disturb the verdict of the jury upon that question.

We think the instructions of the court placed the matters in issue fairly before the jury.

Judgment and order affirmed.

THORNTON, J., and McFARLAND, J., concurred.